IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUSTIN METSCHAN-BAERTLEIN**, <br><br> Petitioner, <br><br> v. <br><br> **WASHINGTON COUNTY CIRCUIT COURT**, <br><br> Respondent. | Case No. 3:20-cv-00962-SB <br><br> **OPINION & ORDER** |

**IMMERGUT, District Judge.**

On December 21, 2020, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R), ECF 16, recommending that this Court deny Petitioner Justin Metschan-Baertlein's Petition for Writ of Habeas Corpus, ECF 1, and dismiss this proceeding with prejudice. The F&R further recommends that this Court decline to issue a Certificate of Appealability. ECF 16. Petitioner timely filed objections to the F&R, ECF 18, and Respondent filed a response to those objections, ECF 19. After de novo review of the F&R, objections, and responses, this Court adopts the F&R in full as supplemented in this Opinion & Order.

PAGE 1 – ORDER

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may then "accept, reject, or modify" the recommended decision, "receive further evidence," or "recommit the matter to the magistrate with instruction." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

**DISCUSSION**

The F&R found Petitioner's claim that his Fifth Amendment right against double jeopardy will be violated by having to stand trial following a mistrial is unsupported by existing law. *Id.* at 12–15. Specifically, Judge Beckerman found that the trial judge was not required to issue a curative instruction regarding an alleged misstatement of law during the prosecutor's closing argument before finding that juror deadlock presented a manifest necessity for a mistrial.[1] *Id.* at 12–13. The F&R further found no evidence that the prosecutor's alleged misstatement of law caused the jury's impasse that led to the mistrial or that the government's case was so weak that prejudice could be presumed as advocated by Petitioner. *Id.* at 13–15.

This Court agrees with Judge Beckerman's conclusion that the trial judge was not required to issue a curative instruction addressing the prosecutor's alleged misstatement before declaring a mistrial on the basis of juror deadlock. As explained in the F&R, "[j]ury deadlock is

---

[1] The Fifth Amendment's Double Jeopardy Clause does not preclude retrying a defendant following a mistrial where the trial judge determines, "'taking all the circumstances into consideration, [that] there is a manifest necessity' for [declaring a mistrial]." *Renico v. Lett*, 559 U.S. 766, 773–74 (2010) (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)).

PAGE 2 – ORDER

a classic example of manifest necessity for a mistrial." *Rogers v. United States*, 609 F.2d 1315, 1317 (9th Cir. 1979). The "crucial factor" in deciding whether juror deadlock requires the declaration of a mistrial "is the jury's statement that it cannot agree." *Id*. The trial judge is afforded broad discretion in deciding whether manifest necessity supports the declaration of a mistrial and his or her conclusion is afforded significant deference "because he [or she] is in the best position to consider the relevant factors." *Id*.

In affording trial courts broad discretion over decisions regarding the necessity of mistrials, the Supreme Court has "never required a trial judge, before declaring a mistrial based on jury deadlock, . . . to issue a supplemental jury instruction, or to consider any other means of breaking the impasse." *Renico*, 559 U.S. at 775; *see also Blueford v. Arkansas*, 566 U.S. 599, 609 (2012) ("We have never required a trial court, before declaring a mistrial because of a hung jury, to consider any particular means of breaking the impasse."). As noted in the F&R, Petitioner has offered no precedent holding that when a jury is deadlocked the trial judge must evaluate and seek to remedy any allegations of trial error that may have contributed to the deadlock before declaring a mistrial. ECF 16 at 13.

Here, the trial judge had the jury deliberate for approximately thirteen hours before declaring a mistrial. *Id*. at 9–10. Two hours into deliberations, the jury submitted two questions to the trial judge, neither of which concerned the subject of the prosecutor's alleged misstatement of law. *Id*. at 6. The final three hours of deliberation occurred after the jury foreperson informed the trial judge that further deliberations would be futile. *Id*. at 9–10. The trial judge finally declared a mistrial after assembling the jury in the courtroom and confirming that all twelve jurors believed that further deliberations would be futile. *Id*. at 9. Based on the record, this Court cannot conclude that the trial judge abused his broad discretion in finding that the deadlocked

PAGE 3 – ORDER

jury created a manifest necessity for a mistrial. The law does not require the trial judge to specifically reevaluate and seek to remedy each allegation of trial error raised throughout the proceedings before finding a manifest necessity for a mistrial. *See Renico*, 559 U.S. at 775. Accordingly, Petitioner's double jeopardy rights are not violated by his upcoming second trial and his Petition for Writ of Habeas Corpus must be denied.

Petitioner raises several objections to the F&R's findings. First, Petitioner argues that the F&R's factual findings "do not accurately portray the facts underlying the criminal charges" and "err in determining that the State's case against Petitioner was strong." ECF 18 at 7–12. However, this Court need not evaluate the facts underlying the criminal charges or assess the strength of the State's evidence against Petitioner to determine whether the trial judge acted within the scope of his broad discretion in declaring a mistrial based on a deadlocked jury. *See Rogers*, 609 F.2d at 1317 (explaining in the event of a deadlock, determining whether a mistrial is appropriate requires the trial judge to consider "the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has made a timely objection to the mistrial, and the effects of exhaustion or coercion on the jury"). This Court acknowledges that Petitioner presents competing facts and offers a different assessment of the strength of the prosecution's evidence than the F&R. However, nothing presented by Petitioner demonstrates that the trial judge failed to exercise sound discretion under the circumstances of this case. There is no evidence that this was a case where the prosecution sought a mistrial in hope of obtaining a second chance at trial with stronger evidence. *See Gouveia v. Espinda*, 926 F.3d 1102, 1111 (9th Cir. 2019) (findings of manifest necessity are afforded the most deference when premised on "the trial judge's belief that the jury is unable to reach a verdict" as opposed to cases where the "prosecutor requests a

PAGE 4 – ORDER

mistrial in order to buttress weaknesses in his evidence"). To the contrary, the prosecutor joined Petitioner in objecting to the trial judge's decision to declare a mistrial based on juror deadlock. ECF 16 at 8–9. The issue faced by the trial judge was whether to order the jury to continue deliberating in the face of assurances from all jurors that further deliberation was futile. Accordingly, Petitioner's objections as to the strength of the evidence are not relevant to the Court's assessment of whether that the trial judge properly declared a mistrial.

Next, Petitioner argues that the F&R "wrongly determine[s]" that juror questions submitted during deliberations were unrelated to the prosecutor's alleged misstatements of law regarding Petitioner's entrapment defense. ECF 18 at 12–14. Petitioner does not argue that the only two questions jurors sent to the trial judge were related to the prosecutor's alleged misstatement. Rather, Petitioner asserts that the F&R overlooks the fact that the jury also requested a copy of Petitioner's statements made to detectives following his arrest. *Id.* at 12–13. This request, Petitioner asserts, relates to Petitioner's entrapment defense because it was Petitioner's only statement on the record besides his trial testimony and jurors may have requested it to evaluate the defense. *Id.* at 13. This argument is based entirely on speculation and does not demonstrate that the trial judge should have concluded that the subsequent juror deadlock was related to the prosecutor's challenged statement about Petitioner's entrapment defense.

Petitioner further argues that the F&R gives "undue deference" to the trial court's manifest necessity determination and erroneously applies a "mechanical rule" to deny Petitioner's claims. ECF 18 at 14–17. This assertion misrepresents the F&R's findings. The F&R outlines the relevant factors courts consider when deciding if juror deadlock presents a manifest necessity for mistrial. ECF 16 at 11–12. The central factor "is the jury's statement that it cannot

agree." *Rogers*, 609 F.2d at 1317. As stated above, the trial judge here required the jury to continue deliberating for three hours after being told by the jury foreperson that further deliberation would be futile. The trial judge did not declare a mistrial until confirming that all twelve jurors agreed that their impasse could not be broken. ECF 16 at 8–9. While Petitioner is correct that the trial judge's manifest necessity determination is not beyond review, such a determination is rightfully afforded substantial deference because the trial judge is in the best position to assess the relevant factors. *Rogers*, 609 F.2d at 1317. Petitioner argues that the F&R's focus on the juror deadlock is "misplaced" because the "prejudice to juror deliberations occurred during summation," before the jury deliberations began. ECF 18 at 14–15. However, the question before this Court is whether juror deadlock presented a manifest necessity requiring a mistrial such that retrial of Petitioner does not offend double jeopardy. This Court agrees that it did.

Petitioner next argues that the state has not met its burden of proving that manifest necessity justifies a mistrial. While a judicial determination of manifest necessity is reviewed for abuse of discretion, "the level of deference varies according to the circumstances in each case." *United States v. Chapman*, 524 F.3d 1073, 1082 (9th Cir. 2008). "At one extreme are cases in which a prosecutor requests a mistrial in order to buttress weaknesses in his evidence, for which the strictest scrutiny is appropriate. At the other extreme is the mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict." *Gouveia*, 926 F.3d at 1111 (internal quotations and citations omitted). Here, the trial judge, over the prosecutor's objections, determined that a mistrial was necessary because the jury was unable to reach a verdict. This determination is supported by the record and owed substantial deference. The state has met its burden of proving manifest necessity.

Petitioner's final three objections all rely on his central argument that the prosecutor's allegedly uncured misstatement of law during closing argument precluded the trial judge from finding manifest necessity for a mistrial based on juror deadlock. Specifically, Petitioner argues that the F&R erred by (1) "conflat[ing] Petitioner's request for a curative and proper instruction with improper requests for coercive instructions designed to break juror deadlock," (2) requiring Petitioner to definitively prove the prosecutor's alleged misstatement caused the juror deadlock, and (3) finding that even assuming prejudicial error, the appropriate remedy would be awarding Petitioner a new trial, not dismissal. ECF 18 at 19–24. As explained above, the trial judge was not required to determine whether there were errors in the underlying trial before determining that juror deadlock required a mistrial. *See Renico*, 559 U.S. at 775. Thus, the trial judge did not abuse his discretion in finding that manifest necessity required the declaration of a mistrial based on juror deadlock and Petitioner's upcoming trial does not offend double jeopardy.

## CONCLUSION

The F&R, ECF 16, is adopted in full as supplemented in this Opinion & Order. The Petition for Writ of Habeas Corpus, ECF 1, is DENIED, and this case is DISMISSED with prejudice. This Court DECLINES to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 28th day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge